UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| FRANCISCO PENA, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 7:13-CV-255 |
| | § | |
| GEOVERA SPECIALTY INSURANCE | § | |
| COMPANY, *et al*, | § | |
| | § | |
| Defendants. | § | |

## OPINION AND ORDER

Pending before the Court is Francisco Pena, Marissa Pena, and Mariztel Pena's ("Plaintiffs") motion to remand.[1] After considering the motion, response, reply, record, and relevant authorities, the Court **GRANTS** the motion.

**I.  Preliminary Matter**

It is no secret that the McAllen Division of the Southern District of Texas has been inundated with cases which were originally filed in state court after severe storms struck the Rio Grande Valley in 2012 and later removed to federal court. The Court frequently encounters the exact same attorneys and the exact same arguments in these cases. Thus, the Court's orders in these cases are often very similar. Nevertheless, the Court takes seriously its responsibility to consider each case individually. The Court spends a significant amount of time reading the same briefs it has encountered countless times before on the off chance that an attorney might offer a novel argument or a factual distinction that makes his case different from the others. All too frequently, the Court's review of the briefs reveals nothing new. For example, in the response to the present motion to remand there is the oft-encountered "factual fit" argument. In the "factual

---

[1] Dkt. No. 9.

fit" argument, defendants assert that plaintiffs' state court petitions do not include sufficient case-specific allegations to support their claims against non-diverse defendants. The validity of this argument turns on the specific content of the state court petition in each case. Therefore, when a defendant makes the "factual fit" argument, the Court assumes that this position is based on that defendant's careful review of the relevant state court petition. But this assumption was challenged in this case because Rhonda J. Thompson wrote: "Simply arguing that a cause of action under the Insurance Code is possible or available against Pierce and Stevenson does not state a valid claim against them."[2] This sentence stood out to the Court because Pierce and Stevenson are not defendants in this case, but they were defendants in Case Number 7:13-cv-194 a case this Court recently remanded. Upon further review, the Court confirmed that this sentence is identical to a sentence in a response to a motion to remand which Ms. Thompson filed in Case Number 7:13-cv-194. It is ironic that Ms. Thompson, in the section of her response where she is arguing that there is no "factual fit," has failed to fit her briefing to the facts of this case.

**II.    Background**

According to Plaintiffs' original petition, their residence was damaged by a hail storm and/or wind storm which struck Hidalgo County, Texas, on or about April 20, 2012.[3] Apparently dissatisfied with the handling of their insurance claim, Plaintiffs sued GeoVera Specialty Insurance Company; Insurance Claims Adjusters, Inc.; Jim Turner Harris; and Joan Ritchie.[4] In their original petition, Plaintiffs included the following theories of liability: violations of the Texas Insurance Code, fraud, conspiracy to commit fraud, breach of contract, and breach of the duty of good faith and fair dealing.[5]

---

[2] Dkt. No. 10 at p. 5.
[3] Dkt. No. 1-4 at p. 4.
[4] Dkt. No. 1-4 at p. 1.
[5] Dkt. No. 1-4 at pp. 10-17.

This case was removed from state court by GeoVera Specialty Insurance Company and Insurance Claims Adjusters, Inc. ("Removing Defendants").[6]  In the notice of removal, Removing Defendants asserted that the amount in controversy exceeded $75,000 and that there was complete diversity because Jim Turner Harris ("Harris"), the non-diverse defendant, was improperly joined.[7]

On June 17, 2013, Plaintiffs filed a motion to remand asserting that this Court does not have diversity jurisdiction because Jim Turner Harris ("Harris"), the non-diverse defendant, is properly joined.[8]  Removing Defendants responded that the Court does have jurisdiction because Harris is improperly joined,[9] and Plaintiffs replied.[10]

### III. Analysis

The Court does not have subject matter jurisdiction under 28 U.S.C. § 1332 unless the parties are completely diverse and the amount in controversy exceeds $75,000.  It is undisputed that the amount in controversy requirement is satisfied in this case.  Thus, Removing Defendants must prevail on the improper joinder issue in order to avoid remand.

The Court notes that "doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction."[11]  Here, the issue of improper joinder is before the Court. The Fifth Circuit has stated that "[t]he doctrine of improper joinder is a narrow exception to the rule of complete diversity, and the burden of persuasion on a party claiming improper joinder is a

---

[6] Dkt. No. 1.
[7] Dkt. No. 1 at pp. 2-5.
[8] Dkt. No. 9.
[9] Dkt. No. 10.
[10] Dkt. No. 11.
[11] Acuna v. Brown & Root Inc., 200 F.3d 335, 339 (5th Cir. 2000) (citation omitted).

heavy one."[12] "[T]he Court must resolve all ambiguities of state law in favor of the non-removing party."[13]

When the Court is considering whether a party was improperly joined, "[t]he court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant."[14] The Court "determin[es] removal jurisdiction on the basis of claims in the state court complaint as it exists at the time of removal."[15] The Court notes that a 12(b)(6)-*type* analysis is distinguishable from a pure 12(b)(6) analysis; in the improper joinder context, the Court evaluates the petition under the state court pleading standards.[16] The Supreme Court of Texas has stated:

> In determining whether a cause of action was pled, plaintiff's pleadings must be adequate for the court to be able, from an examination of the plaintiff's pleadings alone, to ascertain with reasonable certainty and without resorting to information aliunde the elements of plaintiff's cause of action and the relief sought with sufficient information upon which to base a judgment.[17]

In other words, the pleading must state a cause of action and give fair notice of the relief sought.[18]

Although the Court *is permitted* to pierce the pleadings in certain improper joinder analyses,[19] it *is not required* to do so. The Court should do so "only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state

---

[12] Campbell v. Stone Ins., Inc., 509 F.3d 665, 669 (5th Cir. 2007) (internal quotation marks and citations omitted).
[13] *Id*. (internal quotation marks and citation omitted).
[14] Smallwood v. Ill. Cent. R.R. Co., 385 F.3d 568, 573 (5th Cir. 2004) (en banc) (citations omitted).
[15] Cavallini v. State Farm Mut. Auto Ins. Co., 44 F.3d 256, 264 (5th Cir. 1995).
[16] For Judge Rosenthal's thorough explanation of why it is appropriate to use the state court pleading standards in the context of an improper joinder analysis, *see* Edwea, Inc. v. Allstate Ins. Co., Civ. No. H-10-2970, 2010 WL 5099607 (S.D. Tex. Dec. 8, 2010).
[17] Stoner v. Thompson, 578 S.W.2d 679, 683 (Tex. 1979) (citation omitted).
[18] Tex. R. Civ. P. 45 & 47; *Stoner*, 578 S.W.2d at 683.
[19] *Smallwood*, 385 F.3d at 573.

defendant."[20]  Here, a review of Plaintiffs' motion to remand and reply and Removing Defendants' response does not convince the Court that is should pierce the pleadings. This means the Court will not look beyond the state court petition.

The Court will now consider whether the state court petition states a claim against Harris, the non-diverse defendant. Turning to the state court petition, it includes the following allegations by Plaintiffs:

- Plaintiffs are the owners of a Texas Homeowners' Insurance Policy (hereinafter referred to as "the Policy"), which was issued by GeoVera.[21]

- Plaintiffs own the insured property, which is specifically located at 3004 Tanya Ave, McAllen, Texas 78503, in Hidalgo County (hereinafter referred to as "the Property").[22]

- GeoVera sold the Policy insuring the Property to Plaintiffs.[23]

- On or about April 20, 2012, a hail storm and/or windstorm struck Hidalgo County, Texas, causing severe damage to homes and businesses throughout the area, including Plaintiffs' residence[.] Specifically, Plaintiffs' roof sustained extensive damage during the storm[.] Water intrusion through the roof caused significant damage throughout the entire home including, but not limited to, the home's ceilings, walls, insulation, and flooring. Plaintiffs' home also sustained substantial structural and exterior damage during the storm, as well as damage to the gazebo and landscaping lighting[.] In addition, Plaintiffs[] sustained damage to their personal belongings. Immediately after the storm, Plaintiffs filed a claim with their insurance company, GeoVera, for the damages to their home caused by the hail storm and/or windstorm.[24]

- Defendant GeoVera assigned Defendant [Insurance Claims Adjusters, Inc. ("ICA")] to adjust the claim. Defendant ICA and/or Defendant GeoVera then assigned Defendants Harris and Ritchie as the individual adjusters on the claim. The adjusters assigned to Plaintiffs' claim were improperly trained and failed to perform a thorough investigation of Plaintiffs' claim. On or about April 30, 2012, Harris conducted a substandard inspection of Plaintiffs' property. For example, Harris spent a mere thirty (30) minutes inspecting Plaintiffs' entire Property for damages. Harris was neither qualified nor authorized to make coverage determinations. Moreover, Harris both underestimated and undervalued the cost of repairs to the damaged items that he did include in the estimate. Harris also fully ignored all damages to the interior of the home, despite the admitted extensive damage to roof[.] Ultimately, Harris' estimate did not allow adequate funds to cover the cost of repairs to all the damages sustained. Harris' inadequate investigation of

---

[20] *Id*. at 573-574.
[21] Dkt. No. 1-4 at p. 4.
[22] Dkt. No. 1-4 at p. 4.
[23] Dkt. No. 1-4 at p. 4.
[24] Dkt. No. 1-4 at p. 4.

- the claim was relied upon by the other Defendants in this action and resulted in Plaintiffs' claim being undervalued and underpaid.[25]

- Together, [all of the defendants] set about to deny and/or underpay on properly covered damages. As a result of these Defendants' unreasonable investigation of the claim, including not providing full coverage for the damages sustained by Plaintiffs, as well as under-scoping the damages during their investigation and thus denying adequate and sufficient payment to Plaintiffs to repair their home, Plaintiffs' claim was improperly adjusted. The mishandling of Plaintiffs' claim has also caused a delay in their ability to fully repair their home, which has resulted in additional damages. To this date, Plaintiffs have yet to receive the full payment to which they are entitled under the Policy.[26]

- [All of the defendants] misrepresented to Plaintiffs that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. [All of the defendants'] conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX INS CODE §541.060(a)(1)[27]

- [All of the defendants] refused to fully compensate Plaintiffs, under the terms of the Policy, even though [all of the defendants] failed to conduct a reasonable investigation. Specifically, [all of the defendants] performed an outcome-oriented investigation of Plaintiffs' claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiffs' losses on the Property. [All of the defendants'] conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS CODE §541.060(a)(7)[28]

- [All of the defendants] knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiffs.[29]

As set forth above, and elsewhere in the petition, Plaintiffs allege that Harris violated Section 541.060 of the Texas Insurance Code.[30] Section 541.060 states in part:

> (a) It is an unfair method of competition or an unfair or deceptive act or practice in the business of insurance to engage in the following unfair settlement practices with respect to a claim by an insured or beneficiary: (1) misrepresenting to a claimant a material fact or policy provision relating to coverage at issue; . . . .[31]

The Court will now consider Removing Defendants' arguments that the petition does not state a claim against Harris.

---

[25] Dkt. No. 1-4 at p. 5.
[26] Dkt. No. 1-4 at p. 6.
[27] Dkt. No. 1-4 at p. 7.
[28] Dkt. No. 1-4 at p. 8.
[29] Dkt. No. 1-4 at p. 9.
[30] Dkt. No. 1-4 at pp. 7-8 and 10-12.
[31] Tex. Ins. Code Ann. § 541.060 (West Supp. 2013).

First, the Court notes that Removing Defendants urge the Court to apply the federal court pleading standard.[32] The Court acknowledges that district courts are split on this issue of which pleading standard applies in improper joinder analyses. Some courts apply the federal court pleading standards in improper joinder analyses, and others apply the state court pleading standards. As stated above, this Court applies the state court pleading standard. This approach has significant ramifications in this case. For example, Removing Defendants would have the Court apply Federal Rule of Civil Procedure 9(b)'s heightened pleading requirement to Plaintiffs' misrepresentation claims.[33] Because the Court is applying the state court pleading standards, the Court will not evaluate Plaintiffs' misrepresentation claims under Rule 9(b).

Second, Removing Defendants argue that "Plaintiffs fail to offer any actionable facts in support of their claims against Harris and therefore they fail to make the required '[f]actual fit between (their) allegations and the pleaded theory of recovery.'"[34] But here, Plaintiffs' original petition sets out discrete factual allegations against Harris. These factual allegations have been recited above. Additionally, Plaintiffs allege that Harris is in the business of adjusting insurance claims in Texas and adjusted Plaintiffs' claim. They further allege that Harris is a "person," as defined by Section 541.002 of the Texas Insurance Code, who may be held individually liable under the insurance code. That is sufficient to allege that Harris is a "person" subject to the insurance code.[35] Plaintiffs also alleged that Harris "misrepresented to Plaintiffs that the damage to the Property was not covered under the Policy, even though the damages was caused by a covered occurrence." There is a sufficient nexus between the factual allegations and the

---

[32] Dkt. No. 10 at p. 5.
[33] Dkt. No. 10 at pp. 8-10.
[34] Dkt. No. 10 at p. 4 (quoting Griggs v. State Farm Lloyds, 181 F.3d 694, 701 (5th Cir. 1999)) (alterations in original).
[35] *See* Tex. Ins. Code Ann. § 541.002 (West Supp. 2013); *see also* Gasch v. Hartford Accident & Indem. Co., 491 F.3d 278, 280 & n.2, 282-83 (5th Cir. 2007) (citing Liberty Mut. Ins. Co. v. Garrison Contractors, Inc., 966 S.W.2d 482, 484-86 (Tex. 1998)).

legal claim that Harris violated a portion of § 541.060 of the Texas Insurance Code. Finally, Plaintiffs claim that Harris caused them to suffer damages.[36] Thus, the Court finds that the state court petition states a cause of action against Harris and gives Harris fair notice of the relief sought. That is sufficient to state a claim against Harris under the state court pleading standards. Ultimately, the Court finds that Removing Defendants have not met their burden of demonstrating that Harris, the non-diverse defendant, is improperly joined.

## IV. Conclusion

After considering the motion, response, record and controlling authorities, the Court finds that Responding Defendants have not met their burden of demonstrating that Harris is improperly joined. Therefore, the Court **GRANTS** Plaintiffs' motion to remand. This case is **REMANDED** to the 370th Judicial District Court, Hidalgo County, Texas.

IT IS SO ORDERED.

DONE this 16th day of July, 2013, in McAllen, Texas.

 _____
 Micaela Alvarez
 UNITED STATES DISTRICT JUDGE

---

[36] Dkt. No. 1-4 at pp. 17-18.